**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BORIS ASATRYAN, | Case No. 5:26-cv-01895-MBK |
| Petitioner, | ORDER GRANTING PETITION FOR HABEAS CORPUS |
| v. | |
| TODD LYONS, et al., | |
| Respondents. | |

Petitioner Boris Asatryan is an immigration detainee in custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Mr. Asatryan is a native of Armenia who was paroled into the United States approximately three years ago and has remained in compliance with his supervision conditions since that time. Mr. Asatryan was recently re-detained by Immigration and Customs Enforcement ("ICE"). In this habeas action, Mr. Asatryan challenges his re-detention under the Due Process Clause, the Immigration and Nationality Act, and the Administrative Procedures Act.

Following several recent decisions in this District, the Court finds that Petitioner's sudden re-detention—without any meaningful pre-deprivation

notice or an opportunity to be heard—violates due process. Accordingly, the Court grants the Petition and issues a writ of habeas corpus requiring Mr. Asatryan's release and preventing his re-detention absent pre-deprivation notice and a hearing.

## I.    FACTS AND PROCEDURAL HISTORY

Petitioner Asatryan is a native and citizen of Armenia. Dkt. 1 at 2. He entered the United States at the San Ysidro Port of Entry on February 25, 2023, and was subsequently released into the United States shortly thereafter. *Id.* at 6, 19-22. Since that time, Petitioner has resided in the United States continuously and complied with all the conditions of his release. *Id.* at 6. Mr. Asatryan lives with his wife and two children, and has established strong family and community ties. *Id.* Petitioner suffers from serious medical conditions, including a prior heart attack requiring two stents and ongoing medication, and limited mobility due to a shortened Achilles tendon. *Id.* at 7. Petitioner's wife serves as his primary caregiver and assists with his daily medical and physical needs. *Id.*

On April 8, 2026, Mr. Asatryan was taken into custody by ICE without prior notice or any meaningful individualized custody determination. *Id.* He has not received a bond hearing or any other opportunity to challenge his detention before a neutral decisionmaker. *Id.* While in ICE custody, Petitioner experienced a medical emergency during which he fainted and became

2

unresponsive, requiring hospitalization for two days prior to his transfer to the Adelanto Detention Facility. *Id.* at 3.

On April 16, 2026, Petitioner Asatryan filed the instant habeas Petition. Dkt. 1. Petitioner advances six claims: (1) Petitioner's re-detention violates procedural due process under the Fifth Amendment because he has been re-detained "without a prompt and meaningful custody hearing before a neutral decisionmaker" ( *Id.* at 8); (2) Petitioner's continued detention violates substantive due process because it is "excessive and not reasonably related to any legitimate government purpose" (*Id.* at 9); (3) Petitioner's re-detention without process is "an arbitrary and unconstitutional deprivation of liberty" (*Id.*); (4) Petitioner's re-detention violates the Immigration and Nationality Act (*Id.*); (5) Petitioner's re-detention violates the Administrative Procedure Act (*Id.* at 9-10); and (6) the Court may issue the writ pursuant to the All Writs Act (*Id.* at 10).

On April 16, 2026, the Court issued Notice of General Order 26-05 and a Briefing Schedule. Dkt. 5. On April 23, 2026, Respondents filed a response to the Petition stating that "Petitioner is an arriving alien subject to mandatory detention under 8 U.S.C. §1225(b)(1)," but otherwise not challenging the Petition. Dkt. 7. Mr. Asatryan filed a reply on April 24, 2026. Dkt. 8.

## II.   DISCUSSION

Petitioner argues that his ongoing confinement violates substantive due process, procedural due process, the INA, and the APA. Consistent with recent decisions by this district and others, the Court finds that Petitioner's re-detention—without notice or a meaningful opportunity to be heard—violates

due process. In light of that finding and Respondent's lack of any meaningful opposition to the Petition, the Court will grant the Petition, order Petitioner's release, and prevent his re-detention absent pre-deprivation notice and a hearing.

This Court has previously concluded that the Government violates procedural due process by re-detaining a noncitizen released on parole without pre-deprivation notice or a hearing. *See Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-CV-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). Because Respondents do not contest the merits of Petitioner's claims, and the Court has already addressed them in *Yataco*, the Court will only briefly address why due process principles support granting the Petition

The Court considers Petitioner's procedural due process claim under the familiar *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

With respect to the first *Mathews* factor, Petitioner has a substantial liberty interest in maintaining his life out of custody. While DHS had released Mr. Asatryan on parole and subject to conditions, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable— has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is " 'valuable and must be seen as within the protection of the Fourteenth Amendment.' " *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal.

Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

With respect to the second *Mathews* factor, "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of his liberty interest absent a pre-detention hearing." *Cruz v. Lyons*, No. 5:25-CV-02879-MCS-MBK, Dkt. 12 at 7 (C.D. Cal. Nov. 6, 2025). The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001). Nothing in the record suggests that Petitioner is a flight risk or danger. His initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Since that time, Mr. Asatryan has complied with the conditions of his release and appeared for ICE check-ins. Based on the record, the Court concludes that there is a high risk that a lack of pre-deprivation process—that is, notice and a hearing to determine whether Petitioner in fact presents a danger or flight risk—has likely already resulted in Petitioner's unnecessary detention.

With respect to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a pre-detention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976,

994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine ...." *Singh v. Andrews*, No. 1:25-cv-00801-KES-SKO, 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025).

In sum, the Court finds that all three *Mathews* factors favor Petitioner. Accordingly, the Court finds that Petitioner's detention without pre-deprivation notice or a hearing violates due process.

### III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner's immediate release, subject to the conditions of his prior release on parole, and preventing his re-detention absent notice and a pre-deprivation hearing at which the Government must justify his detention by clear and convincing evidence; (3) Respondents shall file a status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from custody.

Dated: April 24, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

6